UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW JAMES,

                Plaintiff,

v.

                Case # 11-CV-6059-FPG

C.O. BRANDON L. PAYNE,
C.O. KYLE R. KENNEDY,              DECISION AND ORDER
C. O. RUSSELL W. AYERS,
SGT. M. SMITH, PATRICK D. BURNS,
C.O. DAVID M. GLEASON,
C.O. ERIC D. SEYMOUR and
ADSS. CAPT LAMANND,

                Defendants.

By Decision and Order dated March 28, 2013, the Court granted Defendants' Motion to Dismiss Plaintiff's Complaint based on the failure to exhaust administrative remedies (ECF No. 10), and the Clerk of Court entered Judgment the same day. ECF No. 11.

Over four years later, by letter dated June 19, 2017 and filed with the Court on July 26, 2017 (ECF No. 13), Plaintiff requests that the Court reinstate his original Complaint. The application is denied.

In the March 28, 2013 Decision and Order, the Court dismissed the Complaint "without prejudice to refile if and when Plaintiff has exhausted his administrative remedies." ECF No. 10 at 4. If Plaintiff wishes to re-file his original action, he must file a new Complaint with the Clerk of Court, and it will proceed in the ordinary course. However, Plaintiff should be aware that his new Complaint may be barred by applicable statute of limitations, given the passage of several years.

To the extent that Plaintiff's Motion could be read as seeking relief from final judgment under Fed. R. Civ. P. 60, that application is denied Under that rule, the Court could grant relief from a final judgment under five delineated reasons (none of which apply here), or for "any other

1

reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(5), and (6). A motion made under subdivision (6) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). A motion made in excess of four years later does not satisfy the reasonable time standard, and in any event, the motion provides no basis upon which to vacate the Court's prior judgment.

For all of these reasons, Plaintiff's motion (ECF No. 13), whether construed as one to re-open the case, or for relief from judgment under Fed. R. Civ. P. 60, is DENIED. As stated in the Court's original Order, Plaintiff may re-file his case "if and when [he] has exhausted his administrative remedies." The Court expresses no opinion as to whether any such Complaint would be timely, or whether it may be barred under other legal principles.

IT IS SO ORDERED.

DATED: September 25, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court